### IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

**VALERIE D. TRANSOU**, *Individually,*
*and on behalf of herself and other similarly*
*situated current and former employees*,

        Plaintiff,

        v.                      **NO. _____**

**TOYOTA BOSHOKU TENNESSEE, LLC,**        **FLSA Opt-In Collective Action**
                                        **JURY DEMANDED**

        Defendant.

---

### ORIGINAL COLLECTIVE ACTION COMPLAINT

---

Named Plaintiff Valerie D. Transou ("Plaintiff"), individually, and on behalf of herself and all other similarly situated hourly-paid production employees, brings this Fair Labor Standards Act ("FLSA") collective action against Toyota Boshoku Tennessee, LLC ("Defendant") and alleges as follows:

### I.      INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and those similarly situated as defined herein.

2. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods during all times relevant at one and one-half their regular hourly rate of pay, as required by the FLSA.

### II.      PARTIES

3. Defendant, Toyota Boshoku Tennessee, LLC, is a Michigan Limited Liability Company with is its principal offices located at 3300 Ridgecrest Road Ext., Jackson, TN 38305-

7500. Defendant's registered agent for service of process is: Julie Karkosak, 3300 Ridgecrest Road Ext., Jackson, TN 38395-7500

4.    Plaintiff Valerie D. Transou was employed by Defendant as an hourly-paid production employee at all times material to this collective action. Ms. Transou's Consent to Join form is attached as *Exhibit A*.

### III.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

6.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff was employed by and performed work for Defendant in this District. Also, Defendant is headquartered in this district and has conducted business in this District during all times relevant and material to this action.

### IV.    CLASS DESCRIPTION

7.    Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All hourly-paid production employees who worked for Defendant for at least one weekly pay period consisting of at least forty (40) hours during the three (3) years preceding the filing of this Complaint, up to and including the present.  (Collectively, "the class").

### V.    COVERAGE

8.    During all times relevant and material herein, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9.    During all times relevant and material to this action, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10.    At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce

or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11.    Plaintiff and those similarly situated were engaged in commerce during all times relevant and material to this Complaint.

12.    At all times hereinafter mentioned, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

13.    During all times relevant and material to this action. Plaintiff and those similarly situated have been "employees" of Defendant as that term is defined in the FLSA and individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI.    FACTUAL ALLEGATIONS

14.    Defendant is headquartered in Jackson, Tennessee and manufactures vehicle parts at its manufacturing facility in Jackson, Tennessee.

15.    Plaintiff worked for Defendant at its Jackson, Tennessee manufacturing facility during all times relevant to this collective action.

16.    Plaintiff was paid approximately $19.00 per hour for her work.

17.    At all times relevant, Plaintiff and class members regularly worked forty (40) hours or more per week within weekly pay periods.

18.  At all times relevant, Defendant had a common compensation plan, policy and practice applicable to Plaintiff and class members.

19.  Defendant established and administered the pay practices of Plaintiff and class members during the three (3) years preceding the filing of this collective action.

20.  Defendant had a common plan, policy and practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiff and class members to perform work while not "clocked-in" to its time keeping system.

21.  Specifically, Plaintiff and class members were required, induced, expected, suffered and/or permitted, to commence performing their regular job duties prior to the start time of their respective shifts and, did perform such pre-shift "off-the-clock" work within weekly pay periods during all times material, without being at the applicable FLSA overtime rates of pay.

22.  Defendant knew and was aware that Plaintiff and class members were performing work prior to the beginning of their shifts in terms of coordinating labels for their job each day, setting up production for their respective machines and even performing production on their respective machines in order to meet the production demands of the company.

23.  Considering the pre-shift work was performed by Plaintiff and class members who regularly worked more than forty (40) hour per week, such "off the clock" work time is compensable at their respective overtime compensation rates of pay.

24.  Defendant failed to "edit-in" to its time keeping system or compensate Plaintiff and class members for the time they performed work while not "clocked-in" to its time keeping system at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

25.    At all times material, Defendant also had a common plan, policy and practice of automatically "editing-out/deducting" a thirty (30) minute meal period during each work shift of Plaintiff and class members, regardless of whether they performed job duties during such "edited-out/deducted" thirty (30) minute meal periods.

26.    Given their job duties and responsibilities, Plaintiff and class members were regularly required, induced, forced, expected and/or, suffered and permitted, to perform job duties as well as not fully relieved of their job duties during such unpaid thirty (30) minute meal periods during their respective shifts within weekly pay periods during all times material.

27.    Plaintiff and class members were not compensated at the applicable FLSA overtime compensation rates of pay by Defendant for such unpaid meal periods within weekly pay periods during all times material.

28.    Moreover, Defendants failed to "edit-in" Plaintiffs and class members' uncompensated thirty (30) minute meal periods into its time keeping system or otherwise compensate them for such unpaid meal times.

29.    The aforementioned "off-the-clock" wage claims of Plaintiff and class members are unified though a common theory of Defendant's FLSA violations.

30.    Defendant's common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

31.    Defendant's actions were willful and with reckless disregard to the FLSA overtime compensation requirements, and without a good faith basis.

32.    As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiff and class members in compliance with the requirements of the FLSA, Plaintiff and class

members have suffered lost wages in terms of lost overtime compensation as well as other damages.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

33.   Plaintiff brings this case as a collective action on behalf of herself and class members pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages owed.

34.   Plaintiff and collective members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

35.   This action is properly maintained as a collective action because Plaintiff and class members are similarly situated with respect to Defendant's time keeping, pay practices and compensation plans, policies and practices and because Plaintiff and class members' unpaid wage claims are unified by a common theory of Defendant's FLSA violations.

36.   Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and class members.

37.   Defendant's conduct, as alleged herein was without a good faith basis.

38.   Plaintiff requests this Court to authorize notice to collective members to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

39.   Plaintiff estimates there are more than fifty (50) putative members of the collective class.

The precise number of class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

40.  Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

41.  Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

42.  This count arises from Defendant's aforementioned violations of the FLSA in connection with its failure to pay Plaintiff and class members for all their "off the clock" pre-shift work time and unpaid meal breaks as well as for its failure to compensate them for non-discretionary periodic bonuses at their respective overtime rates of pay.

43.  At all times relevant and material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq.*

44.  Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

45.  Through its aforementioned actions, Defendant violated the FLSA by failing to compensate Plaintiff and collective members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times relevant to this Complaint.

46.   The unpaid overtime claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

47.   As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

48.   Therefore, Defendant is liable to Plaintiff and class members for actual damages, liquidated damages and equitable relief, as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a)   Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b)   Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c)   Award Plaintiff and collective members liquidated damages in accordance with the FLSA;

d)   Award prejudgment interest (to the extent that liquidated damages are not awarded);

e)   Award Plaintiff and the collective members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f)   Award post-judgment interest and court costs as allowed by law;

g)   Enter an Order designating this action as an opt-in collective action under the FLSA;

h)   Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i)   Allow Plaintiff to amend her Complaint, if necessary, as new facts are discovered;

j)   Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

k)  Provide further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: April 11, 2022.                    Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR # 008323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON SHIELDS YEISER HOLT
OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*