# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| VALERIE D. TRANSOU, Individually, and on behalf of herself and other similarly situated current and former employees, ) ) ) ) ) | |
| Plaintiff, ) ) | Case No. 1:22-cv-01062-STA-jay |
| v. ) ) | FLSA Opt-In Collective Action JURY DEMANDED |
| TOYOTA BOSHOKU TENNESSEE, LLC, ) ) ) | |
| Defendant. ) | |

## ORDER GRANTING JOINT MOTION TO APPROVE STIPULATED FORM OF NOTICE OF COLLECTIVE ACTION AND TO STAY PROCEEDINGS

Before the Court is the parties' Joint Motion to Approve Stipulated Form of Notice of Collective Action and to Stay Proceedings (ECF No. 22). The parties ask the Court to (1) approve the Notice of Collective Action Lawsuit ("Notice") and Consent to Join form ("Consent form"), which was filed as Exhibit A to their Motion; (2) stay the proceedings until approximately May 19, 2023, so that the parties can attempt to reach a settlement; and (3) approve the various stipulations contained in subparagraphs 2(a) through 2(h) of the Motion, related to Defendant's consent to conditional FLSA certification and particular aspects of the class notice and settlement negotiation process. For good cause shown, the Joint Motion is **GRANTED**.[1]

---

[1] The procedure requested in the Joint Motion is somewhat irregular in that Defendant has not yet filed its answer to the Complaint. Defendant did waive service of process (ECF No. 10) and then filed two motions to extend the time it had to file a responsive pleading. However, Defendant has not actually given Plaintiff or the Court formal notice of any defenses it may have to the claims alleged in the Complaint, including the Court's jurisdiction over the parties. The Joint

1

The Court incorporates by reference the Notice, the Consent form, and the Stipulations contained in the Joint Motion and its exhibits and grants its approval to each. Specifically, the Court adopts the following stipulations from the parties. Defendant consents to an order conditionally certifying this case as a collective action under the FLSA and authorizing that the notice be sent to current and former hourly-paid production team members ("Potential Opt-Ins") who work or worked on the first shift in Defendant's welding department during the three (3) year period preceding the date of this order, August 8, 2022. The parties agree that Defendant's stipulation to conditional certification shall not be construed as an admission that liability exists

---

Motion was filed at the deadline for Defendant's pleading but before Defendant had actually filed its pleading.

The Court is nevertheless satisfied that its exercise of jurisdiction, including giving its approval to the process proposed by the parties, is proper. The Court undoubtedly has subject-matter jurisdiction because Plaintiffs' claims arise under the FLSA, one of the laws of the United States. 28 U.S.C. § 1331; *see also* 29 U.S.C. § 216(b) (granting both federal and state courts original jurisdiction over FLSA claims). And based on the facial allegations of the Complaint, the Court likewise has personal jurisdiction over Defendant. Plaintiff alleges Defendant is a Michigan limited liability company with "its principal offices" in Jackson, Tennessee. Compl. ¶ 3. This is arguably enough to allege the Court's general jurisdiction over Defendant. "A court may assert 'general,' or 'all-purpose,' jurisdiction over a defendant in its home State, where the defendant is incorporated or headquartered." *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 396 (6th Cir. 2021) (citing *BNSF Ry. Co. v. Tyrrell*, ––– U.S. ––––, 137 S. Ct. 1549, 1558 (2017)). Plaintiff's "principal offices" allegation is essentially an allegation that Defendant has its headquarters in Tennessee.

Furthermore, Defendant's conduct to this point in the case likely meets the test for constructive consent to personal jurisdiction and suggests that Defendant will defend the suit on the merits. *Boulger v. Woods*, 917 F.3d 471, 477 (6th Cir. 2019) (explaining that a defendant's actions may amount to "constructive consent" to personal jurisdiction where its conduct "has given the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or whether the defendant has caused the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.") (citations omitted). As part of the relief requested in the Joint Motion, Defendant has consented to an order from the Court conditionally certifying this case as a collective action. This suffices to establish the Court's jurisdiction to grant the parties the relief sought in the Joint Motion.

as to any person or for any period of time, including, but not limited to, the oldest of the three years preceding the order.

Notwithstanding this stipulation to conditional certification, the parties acknowledge that, in the event the case does not settle, Plaintiff retains the burden, to the extent required by law, to move for and obtain final collective action certification and Defendant reserves the right to oppose that motion and/or file its own motion to decertify the collective action.

The Court further adopts each of the scheduling deadlines proposed by stipulation in the Joint Motion.

<u>Potential Opt-Ins List</u>. Solely for purposes of sending the Notice, and not to be used for any other purposes other than the mediation described below, Defendant agrees to produce to Plaintiff's counsel, within thirty (30) consecutive calendar days of August 8, 2022, a "Potential Opt-Ins List" (in Microsoft Excel spreadsheet format) listing the name, last known address, date of birth (for address verification purposes), last known email address, employee ID number, and dates of employment of each Potential Opt-In.

<u>Notice Period</u>. Plaintiff's counsel shall have fourteen (14) consecutive calendar days after receipt of the Potential Opt-Ins List in which to send a copy of the Notice and Consent to Join form to Potential Opt-Ins. Plaintiff agrees to return the Potential Opt-Ins List (and all copies) to Defendant if the case is not privately resolved through mediation or otherwise. The parties agree that only one (1) copy of the Notice and Consent to Join form shall be sent to each Potential Opt-In, via either U.S. Mail or email, unless the Notice is returned as undeliverable or a Potential Opt-In requests a second copy. In the event a Notice is returned as undeliverable, the parties agree that Plaintiff's counsel or a case management administrator, at Plaintiff's expense, will process the name of the Potential Opt-In through a Change of Address database and will re-send the Notice to

the most recent new address identified through the database. In the event the Notice is returned as undeliverable a second time, further attempts to deliver the Notice may be made only as may be agreed to by the parties' counsel on a case-by-case basis.

Opt-In Period. The Opt-In Period shall be the sixty (60) consecutive calendar days following the date of mailing. Within three (3) business days, Plaintiff's Counsel will file a Notice of Mailing to provide notice to the Court and Defendant that the Notice and Opt-In Consent Forms have been distributed. A Consent to Join form postmarked or received on or before the sixtieth (60th) consecutive calendar day after the close of the Notice Period shall be considered to have been timely returned and the Potential Opt-In shall be deemed an "Opt-In Plaintiff." If a Consent to Join form is received after the close of the Opt-In Period the Parties agree to meet and confer regarding whether the Consent to Join form should be accepted as an Opt-In Plaintiff.

Record Production Period. Defendant agrees to produce, within thirty (30) consecutive calendar days after the close of the Opt-In Period, the "Opt-In Plaintiffs' Records" in a Microsoft Excel spreadsheet containing each Opt-In Plaintiff's clock in and out records and pay records from the three (3) year period preceding the date of the Order.

Discovery Period. For sixty (60) consecutive calendar days following the close of the Record Production Period, the parties may engage in limited pre-mediation discovery, which may include taking a sampling of depositions (including the Named Plaintiff's). The parties will work together to define the parameters of this discovery to ensure they will be prepared in advance of mediation without undue burden to either party. The parties agree that they will work cooperatively if there are difficulties in meeting deadlines and the pre-mediation exchange of information contemplated by this paragraph.

Mediation. The parties shall mediate and/or engage in other good faith negotiations to privately resolve their dispute during the ninety (90) consecutive calendar day period following the close of the Discovery Period. Subject to availability and scheduling, the parties intend to engage Allen Blair as mediator. The parties agree to share equally the costs and fees of the mediator. The parties agree that information disclosed for purposes of settlement and/or mediation will not be used or disclosed for any other purpose.

Finally, the Joint Motion requests of a stay of judicial proceedings while the parties pursue their plan to achieve a settlement without further intervention from the Court. Courts have broad discretion to stay proceedings until "preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55, 57 S. Ct. 163, 81 L.Ed. 153 (1936)). The parties have developed a mutually agreeable plan to attempt to resolve Plaintiff's claims without the need for a complete case management plan. The parties have agreed to certain procedural steps with deadlines to accomplish each step, all within the next nine months. A stay is therefore in the best interests of the parties and best serves judicial economy. The parties' request to stay these proceedings is **GRANTED**.

In the event the parties do not reach a settlement of their dispute during the stay of judicial proceedings, they also request that the Court conduct a scheduling conference. In lieu of setting a conference at this time, the Court instructs counsel to confer and file a status report along with a motion to lift the stay no later than May 19, 2023.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 8, 2022