IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| VALERIE D. TRANSOU, Individually, and on behalf of herself and other similarly situated current and former employees, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No. 1:22-cv-01062-STA-jay |
| v. | ) FLSA Opt-In Collective Action<br>) JURY DEMANDED |
| TOYOTA BOSHOKU TENNESSEE, LLC, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Before the Court is the parties' Joint Motion for Settlement Approval (ECF No. 52) filed under seal on September 5, 2023.  The parties had previously filed a notice of settlement (ECF No. 46).  The parties now seek court approval of their settlement agreement, which the parties have attached as a sealed exhibit to their Joint Motion.  After reviewing the Joint Motion, the parties' written settlement agreement, and the entire record of the case, the Court is inclined to approve the settlement.  The parties are hereby ordered to prepare and submit a proposed order in accordance with section 29 of the settlement agreement.

## BACKGROUND

On April 11, 2022, Plaintiff Valerie Transou filed a Complaint for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") as a collective action on behalf of herself and similarly situated employees of Defendant Toyota Boshoku Tennessee, LLC.  According to the Complaint, Defendant has its headquarters in Jackson, Tennessee, and manufactures vehicle parts at a manufacturing facility there.  Compl. ¶ 14.  Plaintiff worked for Defendant at its Jackson

manufacturing facility and earned approximately $19.00 per hour for her work. *Id.* ¶¶ 15, 16. The Complaint alleges that two payroll practices adopted by Defendant resulted in violations of the FLSA's overtime provisions: requiring Plaintiff and other employees to perform pre-shift duties off the clock, and automatically deducting 30 minutes of pay from every shift for meal breaks, regardless of whether employees took the breaks.

After Plaintiff served Defendant with summons and the Complaint, the parties filed a joint motion (ECF No. 22) agreeing to the conditional certification of the collective action and the approval of notice to other similarly situated employees, all in an effort to facilitate an early settlement of the dispute. On August 8, 2022, the Court granted the joint motion, conditionally certifying the collective action, approving the form of notice, and adopting other stipulations of the parties, including a stay of further proceedings during the notice period. In the months that followed, Plaintiff filed consent forms signed by other similarly situated employees of Defendant.

## STANDARD OF REVIEW

Section 216(b) of the FLSA permits one or more employees to recover unpaid overtime compensation by suing an employer "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The Supreme Court has described FLSA cases of this sort as "collective actions." *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 1711 (2022) (describing FLSA actions on behalf of similarly situated employees as a "collective action"). FLSA "collective actions permit individualized claims and individualized defenses, in which aggrieved workers act as a collective of *individual* plaintiffs with *individual* cases." *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 403 (6th Cir. 2021) (citing *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018)) (emphasis in original). Unlike class members in civil actions under Federal Rule of Civil Procedure 23, similarly situated employees join an FLSA collective

action by filing notice of their consent to join the action. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

There is a Circuit split about whether judicial approval is mandated for all types of FLSA settlements. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026 (8th Cir. 2019) (citing cases on both sides of the split). The Sixth Circuit has not directly addressed the question. However, the majority view is that judicial approval is required for FLSA collective action settlements brought under 29 U.S.C. § 216(b). *Steele v. Staffmark Invs., LLC*, 172 F. Supp. 3d 1024, 1026-29 (W.D. Tenn. 2016). The leading case on court approval for the proposed settlement of FLSA claims is the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1153.

Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Id*. at 1353-54. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes concerning a plaintiff's entitlement to compensation under the FLSA. *Id.* at 1353 n.8. "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins v. Sanderson Farms, Inc*., 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (*citing* 29 U.S.C. §§ 206, 207)). If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved. *Lynn's Food Stores*, 679 F.2d at 1354.

3

## ANALYSIS

The Court is inclined to approve the parties' settlement agreement. Having reviewed the terms of the settlement here, the Court determines that the settlement is both fair and reasonable and was reached after negotiations between counsel for all parties. Both parties believe the agreement to be fair and reasonable, which weighs in favor of approval. The Court had also previously granted the parties' joint request to send notice to other similarly situated employees and concluded that the parties' stipulated process for notifying other employees would facilitate a resolution of the case without extended litigation.

The settlement agreement itself states as one of its terms that the Joint Motion for Approval would be filed with the Court and would request the "entry of an Order that will be agreed upon by the Parties prior to submission." Settlement Agr. § 29 (ECF No. 52-1). The agreement goes on to list a number of provisions to be contained in the proposed order. The parties did not, however, prepare and file such a proposed order in conjunction with filing the Joint Motion for Approval. Therefore, the parties are directed to submit a proposed order that would accomplish each of the matters listed in the Settlement Agreement under section 29, titled "Joint Motion for Approval." The proposed order should be emailed to the ECF mailbox of the undersigned. The proposed order is due within 7 days of the entry of this order.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 25, 2023